## SUPREME COURT.

ANTHONY EICKHOFF agt. THE MAYOR, ALDERMEN AND COM-
MONALTY OF THE CITY OF NEW YORK.

*Board of Apportionment, N. Y., relative to fixing salaries.*

Under section 3 of chapter 583 of the Laws of 1871, the board of appor-
tionment is empowered " to regulate all salaries of officers and employes "
of the city and county of New York, not exceeding in amount the appor-
tionment made for such purpose for which the city and county could be
held liable.

In the absence of proof to the contrary, it is not to be presumed that in
regulating the plaintiff's salary, by their resolution of the 15th of August,
1871, the board exceeded the amount already appropriated for the pay-
ment of his salary made in May, 1871. If so, it should have been
established by the defendants.

*New York Trial Term, January, 1875.*

VAN VORST, J. — The power of the board of apportion-
ment over the salaries of officers and employes of the city
and county of New York is derived from section 3 of chapter
583 of the Laws of 1871.

The board was empowered "to regulate all salaries of
officers and employes " of the city and county. In pursu-
ance of this power and direction, the board, on the 15th
August, 1871, passed a resolution by which it was resolved
that the salary of the plaintiff be regulated at $6,000 from
the 1st day of January, 1871, subject to a deduction of twenty
per cent from the first day of June.

The validity of this resolution is objected to by the defend-
ants' counsel, on the grounds that the power to regulate
salaries by the board of apportionment was to be exercised

in connection with the duty to apportion the revenues of the city and county among the various departments, to meet the demands upon them; and that the apportionment of all the revenues of the county had been made before the passage of the resolution of the fifteenth August, regulating the plaintiff's salary; and that no liability could be incurred for any purpose for which the city or county could be held liable, exceeding in amount the apportionment made for such purpose.

In considering these objections, it may be stated that it does not appear what amount had been appropriated in the apportionment made in May, 1871, for the salary of the plaintiff.

In the absence of proof to the contrary, it is not to be presumed that in regulating the plaintiff's salary by their resolution of the 15th August, 1871, the board exceeded the amount already appropriated for the payment of his salary.

If the fact was so, it should have been established by the defendants.

It does, however, appear by the evidence that there was unexpended on the 31st December, 1871, $61,000 of the appropriation out of which the plaintiff's salary was payable.

It cannot, therefore, be well urged that there was no provision made of funds out of which the plaintiff's salary could be paid, or that the amount at which his salary was regulated was in excess of the appropriation made for its payment.

It is true that there were unpaid claims in excess of the amount remaining unexpended at the end of the year, but the evidence shows that these unpaid claims had accrued subsequent to the first of September, whilst the resolution fixing the plaintiff's salary was passed in August.

Besides, the board of apportionment had the power, under the act of 1871, to transfer appropriations in excess of the amount actually needed to other purposes, as they might find to require, and they did in fact, from time to time, make such transfers; and in any event it was their duty, under the

powers possessed by them, to provide for the payment of the plaintiff's salary, as regulated by themselves, out of unexpended appropriations made and not needed for other purposes.

The plaintiff is entitled to judgment for so much of his salary as remains unpaid, at the rate fixed by the resolution of August 15, 1871, less twenty per cent, as therein expressed.